IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-HC-2105-M

| | |
|---|---|
| GABRIEL LAKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN R. RAMOS, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion for summary judgment [D.E. 11] pursuant to Federal Rule of Civil Procedure 56. Petitioner did not respond. For the reasons stated below, respondent's motion is granted.

## STATEMENT OF THE CASE

Petitioner filed the instant petition on June 17, 2022, contending the Federal Bureau of Prisons ("FBOP") erred in computing his federal sentence by failing to award him prior custody credit to which he is entitled. On September 25, 2023, the court conducted its initial review of the petition and allowed the action to proceed.

On November 14, 2023, respondent filed the instant motion for summary judgment. In support, respondent filed a memorandum in support, statement of material facts, and appendix of exhibits consisting of the following: (1) declaration of Yvonne Gordon, a correctional programs specialist at the designation and sentence computation center; (2) petitioner's personal history sheet; (3) final disposition in petitioner's state criminal case; (4) docket in petitioner's federal criminal case, United States v. Lakes, No. 1:15-CR-77-JRH-BKE-4, (S.D. Ga.); (5) United States

Marshal Service ("USMS") individual custody and detention report for petitioner; (6) criminal judgment in Lakes, No. 1:15-CR-77-JRH-BKE-4 (Aug. 17, 2016); (7) petitioner's release notification from the Georgia Department of Corrections ("DOC"); (8) Georgia DOC, Find an Offender search for petitioner; (9) petitioner's public information inmate data; (10) excerpts from FBOP's program statement in the Sentence Computation Manual; and (11) petitioner's sentence calculation worksheet. (Mot. Summ. J. [D.E. 11]; Resp't Mem. [D.E. 12]; Resp't Stmt. [D.E. 13]; Resp't App. [D.E. 14]).

That same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified petitioner about the motion for summary judgment, the consequences of failing to respond, and the response deadline. As noted above, petitioner did not respond.

## STATEMENT OF FACTS

The facts of this case, undisputed and viewed in the light most favorable to petitioner, are summarized as follows. On January 1, 2014, petitioner was arrested by state authorities in Jefferson County, Georgia, for possession of cocaine with intent to distribute, felony fleeing or eluding an officer, speeding, and abandoning cocaine in a public place. (Resp't Mem. [D.E. 12] ¶ 1). Petitioner remained in custody until released on bond on January 3, 2014. (Id.). On May 15, 2015, petitioner pleaded guilty in Jefferson County Superior Court to a reduced charge of possession of greater than four grams of cocaine. (Id. ¶ 2; Resp't Attach. 2 [D.E. 14-3] at 2–4).[1] The state trial court sentenced petitioner to 15 years' imprisonment with the first ten years to be served in confinement and the remainder to be served on probation. (Resp't Mem. [D.E. 12] ¶ 2).

---

[1] In this order, page numbers in citations to documents in the record are to the page number specified in the footer supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry and not the page number, if any, showing on the face of the underlying document.

2

Following sentencing, petitioner remained in the primary custody and jurisdiction of Georgia state authorities. (Id. ¶ 3).

On August 24, 2015, petitioner was indicted in the United States District Court for the Southern District of Georgia for conspiracy to distribute and possession with intent to distribute controlled substances and use of a communications facility in causing or facilitating the commission of a felony. (Id. ¶ 4). On August 24, 2015, the federal court issued a writ of habeas corpus ad prosequendum for petitioner's initial appearance scheduled on September 4, 2015. (Id. ¶ 5). On September 1, 2015, petitioner was transferred from primary state custody to the temporary custody of the USMS. (Id. ¶ 6). Petitioner remained in the temporary custody of the USMS through August 18, 2016. (Id.).

On August 16, 2016, the federal trial court sentenced petitioner to 176 months' imprisonment for conspiracy to distribute and possession with intent to distribute controlled substances. (Id. ¶ 7). The remaining count was dismissed. (Resp't Attach. 5 [D.E. 14-6] at 2). The court further ordered:

> This term reflects a 12-month downward adjustment from a term of 188 months the Court would have otherwise imposed in an effort to credit the defendant with time he has already spent in state custody for a related offense. The 176 month term imposed shall be served concurrently with the remainder of the state term of imprisonment which the defendant is currently serving in Jefferson [County] Superior Court Docket Number 14CR74.

(Id. at 3). Petitioner was returned to the Georgia DOC on August 18, 2016, for continued service of his state sentence. (Resp't Mem. [D.E. 12] ¶ 8). On October 3, 2018, petitioner was paroled from Georgia DOC and came into the primary custody and jurisdiction of the USMS for service of the remainder of his federal sentence. (Id. ¶ 9).

3

Petitioner was in the primary custody and jurisdiction of Georgia DOC from January 1 to 3, 2014, when he was released on bond. (Id. ¶ 10). Petitioner's state sentence commenced on the date of his state sentencing, May 15, 2015. (Id.). Petitioner was released from state custody on October 3, 2018, when he was paroled. (Id.). The state applied three days of jail credit towards petitioner's state sentence for time spent in state presentence custody from January 1 to 3, 2014. (Id.).

FBOP prepared a sentenced computation for petitioner, commencing his federal sentence on the date he was federally sentenced, August 16, 2016. (Id. ¶ 11). Petitioner was granted prior custody credit toward his federal sentence for the period he spent in custody from January 1 to 3, 2014. (Id.). He is currently scheduled to be released from his federal sentenced on February 11, 2028, via the projected earning of good conduct time and Fair Step Act credit. (Id.).

## COURT'S DISCUSSION

A. Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.   Analysis

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A federal prisoner challenges the execution of his sentence when he disputes the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As previously noted, petitioner challenges the FBOP's calculation of his prior custody credit. The statutory scheme guiding the calculation of a federal term of imprisonment states:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

5

18 U.S.C. § 3585. Therefore, a federal sentence cannot commence before the date on which it is imposed, and the FBOP cannot award prior custody credit for time credited to another sentence. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); United States v. Wilson, 503 U.S. 329, 330 (1992); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018).

Here, although the petition is not the model of clarity, it appears petitioner argues he should receive prior custody credit for September 1, 2015, through August 16, 2016. (Pet. [D.E. 1] at 8). He further argues FBOP's sentence calculation did not reflect the 12-month downward adjustment granted by the federal trial court, reducing his sentence from 188 months to 176 months' imprisonment. (Id. at 6–7). Petitioner is incorrect on both counts.

FBOP correctly determined petitioner's total term of imprisonment in effect was 176 months, properly reflecting the 12-month downward adjustment by the federal trial court. (Resp't Attach. 8 [D.E. 14-9] at 4). Where petitioner's federal sentence was ordered to be run concurrently with his state sentence, FBOP also accurately determined petitioner's federal sentence commenced on August 16, 2016. (Resp't Stmt. [D.E. 13] ¶ 11); 18 U.S.C. § 3585(a).

To the extent petitioner instead contends he was in federal custody from the date that he was transported to federal court under a writ of habeas corpus ad prosequendum on September 1, 2015, such a contention is meritless. See Evans, 159 F.3d at 912 ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." (citations omitted)); see also United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) ("[P]rimary jurisdiction over a person is generally

6

determined by which [sovereign] first obtains custody of, or arrests, the person."). Georgia retained primary jurisdiction during petitioner's transfer for federal criminal proceedings, and the time was properly counted against petitioner's state sentence. See Evans, 159 F.3d at 912.

Furthermore, petitioner is not entitled to prior custody credit for the time between September 1, 2015, and August 15, 2016, because it was credited to his state sentence. (Resp't Stmt. [D.E. 13] ¶ 13); 18 U.S.C. § 3585(b); see also Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive double credit for his detention time."). To the extent petitioner contends he was not given custody credit for August 16, 2016, as stated above, FBOP properly commenced petitioner's sentence on that date. (Resp't Stmt. [D.E. 13] ¶ 11; Resp't Attach. 8 [D.E. 14-9] at 4).

After viewing the record and reasonable inferences in the light most favorable to petitioner, Scott, 550 U.S. at 378, respondent has demonstrated that petitioner received all FBOP prior custody credit to which he was entitled, but petitioner has not come forward with specific facts showing that there is a genuine issue for trial, see Anderson, 477 U.S. at 248–49; Matsushita, 475 U.S. at 587.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

## CONCLUSION

In sum, the court GRANTS respondent's motion for summary judgement [D.E. 11]. A certificate of appealability is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 17th day of October, 2024.

*Richard E Myers II*

RICHARD E. MYERS, II
Chief United States District Judge

8